## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2017, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Deion Edmond,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

December 21, 2017

Court of Appeals Case No.
49A04-1708-CR-1734

Appeal from the Marion Superior Court

The Honorable Christina Klineman, Judge

Trial Court Cause No.
49G17-1706-CM-22066

**Brown, Judge.**

[1]     Deion Edmond appeals his conviction for domestic battery as a class A misdemeanor. Edmond raises one issue which we revise and restate as whether the evidence is sufficient to support his conviction. We affirm.

## Facts and Procedural History

[2]     On June 9, 2017, Marsha Brown traveled to a parking lot at Eskenazi Hospital with her boyfriend Edmond and was going to the emergency room due to an issue with her leg. It was nighttime and dark outside. When Edmond and Brown were in the hospital's parking lot, Edmond told Brown that she needed to go to another hospital, but she did not want to leave. Brittany Day drove into the parking lot at the emergency room and could hear Edmond talking loudly. Day began to walk into the emergency room and, when she was approximately ten to fifteen feet from Edmond and Brown, heard Edmond say: "You're a dumb bitch. You were never pregnant. You just wanted to keep me around." Transcript Volume 2 at 11. Day heard Brown telling Edmond to stop. Day heard "like crying or something" and looked at Edmond and Brown, observed that Edmond had Brown's hair wrapped in his arm and was pulling her, and heard Edmond say: "You were never pregnant. You lied to me." *Id.* at 12-13. Day then "physically hear[d] him hit her," looked at them, and observed Edmond strike Brown on the side of her face with "like a closed fist." *Id.* at 13. Brown was crying and said "[g]et off of me." *Id.* Day observed that Edmond appeared angry and Brown appeared very scared. Day reported what she had observed to a security officer in the hospital. When the security officer asked Brown if Edmond had hit her, she looked down and said "[n]o." *Id.* at

16. When the security officer asked Day if she saw Edmond hit Brown, Day answered affirmatively, and then Edmond told Day to "mind [her] own business." *Id*. at 17.

[3] On June 14, 2017, the State charged Edmond with domestic battery and battery resulting in bodily injury as class A misdemeanors. At Edmond's bench trial, Day testified consistent with the foregoing. Brown testified: "[Edmond] told me that I needed to go to another hospital and I didn't want to go and he had his hands on me, like this, but he didn't have no -- it wasn't near me, like this, and I pushed his hand off of me and I said, 'No. I'm not going to another hospital.'" *Id.* at 8. Brown testified Edmond "was loud, telling me that I needed to go to another hospital because my leg was inflamated [sic] . . . ." *Id.* When asked "did [Edmond] strike you at all," she answered "No." *Id.* at 9. The court found Edmond guilty of domestic battery as a class A misdemeanor and not guilty of battery resulting in bodily injury and sentenced Edmond to 120 days in the Marion County Jail.

### *Discussion*

[4] The issue is whether the evidence is sufficient to support Edmond's conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless no reasonable factfinder could find the elements of the crime proven

beyond a reasonable doubt. *Id*. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id*. at 147. The uncorroborated testimony of one witness can be sufficient to sustain a conviction. *Ferrell v. State*, 565 N.E.2d 1070, 1072-1073 (Ind. 1991).

[5] Ind. Code § 35-42-2-1.3(a) provides in part that "[a] person who knowingly or intentionally: (1) touches a family or household member in a rude, insolent, or angry manner . . . commits domestic battery, a Class A misdemeanor." The State alleged that Edmond did knowingly touch Brown, a family or household member, in a rude, insolent or angry manner by striking at and against her with his hands.

[6] Edmond asserts that Brown testified that he did not hit her, that Brown pushed his hand off or away while they were conversing, and that, while Day reported that she saw him strike Brown, it was dark outside at the time of the incident. He argues "the question as to whether an individual had been touched in a rude, insolent or angry manner . . . must be answered by that particular individual, not a bystander," "[o]therwise, a witness could completely misinterpret interaction between two other persons and mistakenly conclude, like here, that a crime had been committed when, in fact, the 'victim' of the 'crime' does not claim to be victimized," and "[t]here is no other way to interpret this situation." Appellant's Brief at 8-9. Edmond does not argue that Brown was not a family or household member. The State maintains that Edmond's argument amounts to an impermissible request for this court to reassess the credibility of the witnesses.

[7] "[W]hen appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling." *Drane*, 867 N.E.2d at 146 (internal quotation marks omitted). The evidence most favorable to the trial court's ruling is that Edmond argued with Brown in the hospital parking lot and struck her on the side of her face. The trial court as the trier of fact was free to believe the testimony of Day and disbelieve the testimony of Brown. Further, the trier of fact was able to assess Day's testimony in light of her distance from Edmond and Brown in the parking lot and the fact it was dark outside. We will not assess the credibility of the witnesses or reweigh their testimony. *See id*.

[8] Based upon the evidence as set forth above and in the record, we conclude that the trial court as the trier of fact could find beyond a reasonable doubt that Edmond committed the offense of domestic battery as class A misdemeanor.

## Conclusion

[9] For the foregoing reasons, we affirm Edmond's conviction.

[10] Affirmed.

Baker, J., and Riley, J., concur.